**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In Re: | Chapter: 13 |
| **Evgeni Kopankov** | Case No. 24-16991 |
| Debtor(s) | Judge: Hon. Timothy A. Barnes |

**NOTICE OF MOTION**

TO:  See attached list

**PLEASE TAKE NOTICE** that on **January 10, 2025, at 10:30 a.m.**, I will appear before the Honorable **Timothy A. Barnes**, or any judge sitting in that judge's place, **either** in courtroom **744,** of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn St., Chicago, IL 60604, **or** electronically as described below, and present the motion of ***Creditor to Dismiss Chapter 13 with Prejudice and 180-Day Bar To Refiling*** a copy of which is attached.

*(Noticed for 10:30 am as other matters are set for that time that were scheduled for 1/9/2025 have been continued by the Court to 1/10/2025 @10:30 am).*

**Important:  Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government.  All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is **161 329 5276** and the passcode is **433658**. The meeting ID and passcode can also be found on the judge's page on the court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

By: /s/ J. Kevin Benjamin
Benjamin Legal Services
1016 West Jackson Blvd.
Chicago, Illinois 60607-2914
Phone:  (312) 853-3100
ARDC #: 6202321
attorneys@benjaminlaw.com

## CERTIFICATE OF SERVICE

I, J. Kevin Benjamin, certify that I served a copy of *this Notice and attached Motion* on each entity shown on the attached list at the address shown and by the method indicated on the list on January 3, 2025.

**Notice will be electronically mailed to:**

**Adam G. Brief**
Ustpregion11.es.ecf@usdoj.gov

**Thomas H. Hooper**
thomas.h.hooper@chicagoch13.com

**(Attorney for Debtor)**
**Alexander Tynkov**
Zalutsky & Pinski, Ltd
ecf@zaplawfirm.com

**DEBTOR BY 1st CLASS MAIL:**

Evgeni Kopankov
847 S McKinley Ave.
Arlington Heights, IL 60005

Anderson Lynn
c/o Total Lender Solutions Inc
10505 Sorrento Valley Road, Suite 125
San Diego, CA 92121

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In Re: | Chapter: 13 |
| **Evgeni Kopankov** | Case No. 24-16991 |
| Debtor(s) | Judge: Hon. Timothy A. Barnes |

**MOTION TO DISMISS CHAPTER 13**
**WITH PREJUDICE AND 180-DAY BAR TO REFILING**

*NOW COMMES ANDERSON LYNN* (the "Lender" or "Lynn"), by and through its undersigned counsel, and moves this Honorable Court for an entry of an Order Dismissing the Debtors Chapter 13 with Prejudice and with a 180-Day bar to refiling (the "Motion"), and in support thereof states as follows:

**JURISDICTION & VENUE**

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, and IOP 15(A), and L.R. 40.3.1(a) of the United States District Court for the Northern District of Illinois. The venue is proper in this district under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(a)(b)(1) and (b)(2)(A).

**II.   PREDICATE FOR RELIEF REQUESTED**

2. The predicate for the relief requested herein is 11 U.S.C. §§ 1307(c), 105(a) and 349.

**III.   STANDING**

3. Anderson Lynn is the holder of a secured interest against the Debtor's property at 250 Gibson Creek Road, Whitethorn, CA 95589-8697. Parcel Number: 215-291-002-000.

4. On or about December 26, 2018, Lynn closed on a contract to sell land and the two houses on the land to the Debtor, who executed a promissory note with Lynn for $450,000

3

and a mortgage securing Lynn's interest. The mortgage was recorded on February 13, 2019, with Anderson Lynn noted as the Lender.

5. Escrow closed on February 13, 2019 through Fidelity National Title Company of California. Escrow Number FFHO-2011801454-PN. A copy of the Final Settlement Statement, and Note showing Anderson Lynn as the Payee and Evgeni A. Kopankov as the Payor is attached as ***Exhibit No 1.***

### IV.    BACKGROUND

6. On November 12, 2024, the Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, and relief was granted accordingly.

7. Lynn retained Total Lender Solutions Inc. ("<u>TLS</u>") to conduct the foreclosure sale in California. Initially retaining them on July 13, 2022.

8. TLS issued a notice of default on August 21, 2022. TLS subsequently scheduled a property sale for around March 25, 2023.

9. TLS recorded another Notice of Default on July 2, 2024. TLS subsequently scheduled a sale of the property for November 15, 2024.

10. The first time it was set for sale, the Debtor filed Chapter 13 in the Northern District of Illinois on March 23, 2023, case number 23-03890, filed pro-se. Marilyn Marshall was assigned as the Chapter 13 trustee. The case was dismissed on May 24, 2023. The trustee's final report in that pro se case is attached as ***Exhibit No. 2.***

11. In the debtor's first filing, the debtor never made any payments to the Chapter 13 trustee.

12. The Debtor never noticed Total Lender Solutions or Anderson Lynn in the 2023 Chapter 13 case.

13. In the first chapter 13 of The Debtors, he listed under penalty of perjury that he did not own any real estate and claimed he had zero secured creditors.

14. In the Debtors instant case, he listed the real estate. The case was filed on November 12, 2024, and the property sale had been scheduled for November 15, 2024.

15. However, the Debtor did not notice Anderson Lynn regarding the filing. Further, the debtor overlooked Total Lender Solutions. The debtor listed Total Lender Solutions on the mailing matrix, but with no address, and thus, Total Lender Solutions never received notice.

16. The debtor scheduled additional real estate, land and a home in Oregon that had not been disclosed in his prior chapter 13.

17. In the debtor's current chapter 13, he states he has ZERO household goods and furnishings despite owning several homes and renting a place.

18. The debtor's schedules state he owns no electronics or cell phones.

19. The debtor's schedules state he does not own any clothing.

20. The debtor's schedules state he does not own any publicly traded stock, though his prior filing disclosed he owned the stock of EK Group 07 Inc. worth $2,000.00.

21. The debtor's current schedules indicate he has no leases, though he says he rents a home in Arlington Heights. Further, the debtor owns property in Oregon and California, homes where he is not disclosing any lease agreements or rental income.

22. The debtor claims to be employed and earns $7,000 per month, but he does not disclose his employer, title, occupation, or any taxes or expenses from any compensation.

23. In the debtor's prior chapter 13, he stated he made $5,000 as a dispatcher with his employer being EK Group 07.

24. Yet the debtor's SOFA states he has no business income and no income from Employment, though he said on his Schedule I that he makes $7,000 per month from employment, and in his prior case, he said he was an employee at $5,000 per month.

25. The debtor in his SOFA says he has had no business or employment income for the

5

past several years even though he says he has income on both his Schedule I's in both Chapter 13 cases.

26. In the Debtors prior chapter 13, he said his rent was $1,000 per month. In the current case, he says it is $3,000 per month for rent and does not disclose any mortgage payments though he lists several homes and land on his Schedule A and had an obligation under the Note with Lynn to make monthly payments.

27. The debtor does not list any expense for any car payment, though he owns a 2022 Mercedes 350 GLE and 2021 Porche Macan.

28. In debtor's prior chapter 13, he listed payments of $910 and $1,236.00.

29. In the debtor's prior chapter 13, he stated he owed two other motor vehicles not accounted for in his current chapter 13.

30. The Debtor also operates a business in California on the property he bought from Lynn; this is a business selling Marijuana. However, the debtor does not disclose the business or any of the business income or if his income is derived from operating or being a wage earner from a cannabis business.

31. Historically, the United States Trustee's Office has successfully dismissed bankruptcy petitions filed by cannabis businesses because the debtor is actively violating the federal Controlled Substances Act ("CSA"), which classifies cannabis as a Schedule I drug.

32. If the debtor were intending to propose a plan that is to be funded by the wages derived, those illegal activities would require the Chapter 13 trustee to knowingly administer wages derived from an active participant in a criminal enterprise.

33. A Chapter 13 trustee could not administer a plan funded by this type of income. "federal judicial officers take an oath to uphold federal law, and countenancing the Debtor's continued operation of his marijuana business under the court's protection is hardly consistent with that

oath." 532 B.R. 53, 56 (Bankr. W.D. Mich. 2015)" In re Blumsack, 647 B.R. 584, 596 (Bankr. D. Mass. 2023).

34. The debtor's previous chapter 13 was filed in bad faith. Further, the debtor did not comply with his duties and obligations as a Chapter 13 debtor. In that case, the Debtor:

   a. Failed to provide an Affidavit of Compliance;
   b. Did not provide any payment advices or evidence of income received;
   c. Did not provide the trustee any tax returns
   d. Failed to begin to make payments within 30 days per 11 U.S.C. §1326(a)(1);
   e. Failed to maintain payments to the Trustee per 11 U.S.C. §1326;
   f. Failed to attend his §341 meeting of creditors;
   g. Failed to amend Schedule B to list the value of their assets;
   h. **_Failed to propose a plan or file a petition in good faith as required under 11 U.S.C. §1325(a)(3) and (a)(7);_**
   i. Failed to file a Chapter 13 plan;
   j. Showed negative income on Schedule J to fund a Plan
   k. Did not list any creditors on schedules D, E, and F.
   l. Failed to disclose assets, in particular, ownership of a 2018 Ford vehicle, 2021 Porshe, 2022 Mercedes, 2022 Toyota, and a 2022 Polaris Slingshot

## V. LEGAL AUTHORITY AND PRECEDENTS

*Court Authority to Dismiss With Prejudice for Cause*

35. A copy of the Chapter 13 Trustee's motion to dismiss laying out all the above is attached as ***Exhibit No. 3.***

36. The debtor's Current chapter 13 was filed in bad faith. Further, it is believed the debtor did comply with his duties and obligations as a Chapter 13 debtor in that case. In this case the Debtor:

   a. Failed to attend his §341 meeting of creditors;
   b. **_Failed to propose a plan or file a petition in good faith as required under 11 U.S.C. §1325(a)(3) and (a)(7);_**
   c. Failed to file a Chapter 13 plan;
   d. Failed to begin to make payments within 30 days per 11 U.S.C. §1326(a)(1);
   e. Failed to maintain payments to the Trustee per 11 U.S.C. §1326;
   f. Failed to provide an Affidavit of Compliance;
   g. Did not provide any payment advices or evidence of income received;

7

      h. Did not provide the trustee any tax returns
      i. Filed false and misleading information in his Schedules and Statement of Financial Affairs that were filed under penalty of perjury.
      j. Did not disclose all his assets or liabilities or income.
      k. He filed both his cases to hinder, defraud, and delay Lynn from foreclosing.

37. According to 11 U.S.C. § 1307(c): "Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause[.]" Although § 1307(c) includes a list of circumstances that constitute cause, that list is not exclusive.

38. While dismissal of a case is generally without prejudice, § 349(a) "grants a bankruptcy court the authority to dismiss a case with prejudice to a subsequent filing of any bankruptcy petition." *In re Casse*, 219 B.R. 657, 662 (Bankr. E.D.N.Y. 1998), *subsequently aff'd*, 198 F.3d 327 (2d Cir. 1999). Thus, if cause exists, a court is authorized, pursuant to § 349(a), to dismiss a bankruptcy case with prejudice to refiling. *See, In re Casse*, 198 F.3d 327, 339 (2d Cir. 1999). Additionally, dismissal with prejudice is appropriate pursuant to 11 U.S.C. § 105(a) to prevent an abuse of the bankruptcy process. *See* 8 Collier on Bankruptcy, ¶1307.04, p. 1307-11 – 1307-12.

### *Precedent to Bar Refiling*

39. In our district, Judge Cleary has ruled "Filing multiple bankruptcy cases without the intent to reorganize supports the imposition of a three-year bar to refiling a subsequent case." *See In re: Bobby Binion*, 23 B 05260, decided July 26, 2023.

40. Section 109(g) addresses eligibility to file a case. While Section 109 sets forth the eligibility limitations to file under certain circumstances, section 349 governs the effect

8

of dismissal of a case, including the circumstances upon which a court may prejudice a debtor's ability to file a subsequent case.

41. Section § 349(a) provides that the court may dismiss a bankruptcy case with prejudice:

> *Unless the court, for cause, orders otherwise*, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; *nor* does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. § 349(a) (emphasis added).

42. The Seventh Circuit has ruled that under section 349, for cause, a court may dismiss a case with a bar to "the later dischargeability of debts … or it may preclude the debtor from filing a subsequent petition related to those debts." *In re Hall*, 304 F.3d 743, 746 (7th Cir. 2002). Dismissal with a bar only is appropriate in "extreme situations, such as when a debtor conceals information from the court, violates injunctions, files unauthorized petitions, or acts in bad faith."

43. Because of the Debtor's abuse and bad faith, this Court should exercise its equitable powers under 11 U.S.C. § 105(a) to protect the integrity of the bankruptcy system by barring the Debtor from filing under any chapter of the Bankruptcy Code for a period significantly longer than 180 days. There is precedent. *See*, e.g., *In re Balmer*, 2003 WL 22658196, slip op. at 6, and cases cited therein. As in *Balmer*, the Debtor's disregard for the entire bankruptcy process warrants extraordinary action. *Balmer*, slip op. at 6.

### *Good Faith Standard*

44. Good faith in filing a Chapter 13 case is determined by analyzing the totality of the circumstances. *See Matter of Love*, 957 F.2d 1350, 1355 (7th Cir. 1992). In its good faith inquiry, the court considers the totality of the circumstances to determine "whether the filing is

fundamentally fair to creditors and, more generally, is the filing fundamentally fair in a manner than complies with the spirit of the Bankruptcy Code's provisions." *Id.* at 1357.

> Keeping in mind that the focus of the inquiry is fundamental fairness, the following nonexhaustive list exemplifies some of the factors that are relevant when determining if a Chapter 13 petition was filed in good faith: the nature of the debt, including the question of whether the debt would be nondischargeable in a Chapter 7 proceeding; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors. *Id.*

*Id.* While these are among the factors that a court may consider, the key question underpinning the court's analysis is whether the Debtor's filing is fundamentally fair with respect to his creditors.

45. Most courts have applied the relevant standards in their own circuits for making determinations of good faith – usually some variation of the "Totality of Circumstances Test". In the 7th Circuit, the biggest factor typically considered in making good faith determinations has been whether or not there is a "change in circumstances" since the failure of the prior case, which would make the current case more likely to succeed. Some of the salient good faith cases decided in the 7th, at least under the old law, include: *In the Matter of Kenneth W. Smith*, 848 F.2d 813 (7th Cir. 1988); *In the Matter of Love*, 957 F.2d 1350 (7th Cir.1992), and *In re Edward Smith*, 286 F.3d 461 (7th Cir. 2002).

46. Based on the totality of the circumstances, Lynn believes he has demonstrated by clear and convincing evidence that the present Chapter 13 bankruptcy case was filed in bad faith. Thus, the Court should determine this is a bad faith filing and grant the Motion to dismiss with prejudice and bar to refiling for 180 days.

WHEREFORE, LYNN prays this Honorable Court for the entry of an order to dismiss

the case with prejudice and enter an order barring the debtor from filing any bankruptcy petition under any chapter of the Bankruptcy Code for 180 days from the date of the Court order; and for such other, further, additional or alternative relief that this Court deems just, proper or necessary under the circumstances.

Dated this 3rd Day of January, 2025      Respectfully submitted,

                                                       ***ANDERSON LYNN.***
                                                             (Creditor)

J. Kevin Benjamin, Esq.
Benjamin Legal Services
1016 West Jackson Blvd.                  By: /s/ J. Kevin Benjamin
Chicago, Illinois 60607-2914            Attorney for Anderson Lynn
Phone: (312) 853-3100
ARDC #: 6202321

11